**W. Henry duPONT, Plaintiff,**

**v.**

**DELAWARE TRUST COMPANY, a Delaware Corporation, and Hopeton Holding Corporation, a Delaware Corporation, Defendants.**

**Jean Ellen duPont McConnell et al., Intervenor-Defendants.**

Court of Chancery of Delaware, New Castle.

Submitted June 3, 1976.

Decided Sept. 30, 1976.

Russell J. Willard, Jr., Wilmington, and Marvin Comisky, Morris L. Weisberg and Alan C. Gershenson of Blank, Rome, Klaus & Comisky, Philadelphia, for plaintiff.

William S. Potter, Charles S. Crompton, Jr., and Michael D. Goldman of Potter, Anderson & Corroon, Wilmington, for defendants Delaware Trust Co. and Hopeton Holding Corp. and for intervening defendants, Jean Ellen duPont McConnell, Evelyn duPont Donaldson, John E. duPont, and William duPont, III.

V. R. Shackleford, Jr., Orange, for intervening defendant Marion duPont Scott.

## ON REARGUMENT

MARVEL, Chancellor:

Although the main thrust of the complaint herein as well as of the April 16, 1974[1] opinion of the Supreme Court of Delaware (the mandate of which directed the reversal of the order of this Court which because of the exigencies of the problems brought about by the death of William duPont in 1928, viewed in the light of the then stricture on the right of a bank to vote its own shares, had upheld the validity of the so-called Hopeton exchange) essentially had to do with the restoration to plaintiff of his voting rights in his aliquot share of Delaware Trust Company stock of which he had been deprived on his father's death as a result of such exchange, the principal prayer of the complaint, apart from one for the removal of Delaware Trust Company as trustee " * * * for a deliberate and willful violation of its duties * * *", was that an order be entered directing that:

"* * * defendants deliver to plaintiff such number of shares of Delaware Trust Company as he is entitled to receive under the Will of William duPont, Sr. upon the surrender by plaintiff of the shares of non-voting stock of Hopeton which were distributed to him in February, 1970."

And as matters have transpired, this is the relief accorded plaintiff as well as the intervening individual defendants as a result of the implementation of the order entered by this Court on October 30, 1974, which by its terms did away with the

1. Reargument denied May 13, 1974.

task assigned to this Court by the Supreme Court of Delaware, namely that of fashioning the relief necessary to restore to plaintiff his full rights in the shares of stock of the Delaware Trust Company bequeathed to him under the provisions of his grandfather's will and went on to resolve and settle with the consent of all parties " * * * all of the issues presented * * * except for damages, and fees and costs."

Defendants now ask the Court to emasculate the force and effect of such October 30, 1975 order, likening it to an order approving settlement of a claim made in a stockholder's derivative action, in which, without conceding liability to a defendant corporation and its stockholders for damages allegedly resulting from action or nonaction on the part of those charged with wrongdoing, such accuseds agree to make "restitution" of some sort to their corporation.

However, I do not view the stipulation and order here in issue to constitute a settlement of an unproved claim but rather as constituting a clear consent to the granting of the full relief which could conceivably have been gained by plaintiff after trial, short of the removal of the defendant Delaware Trust Company as trustee. In other words:

> "In the absence of fraud, mistake, or collusion, a judgment by consent is binding and conclusive upon the parties and those in privity with them, to the same extent as judgments rendered upon controverted facts and due consideration thereof upon a contested trial," 47 Am. Jur.2d Judgments § 1089 (footnotes eliminated).

I decline to rescind or alter my December 24, 1975 opinion herein and on notice a form of order in conformity with such opinion and of this opinion on reargument may be submitted.